ALEXANDER *v.* PATE ET AL.

[No. 15,978. Filed April 19, 1938.]

*Faust, Faust, Medias & Faust,* for appellant.

*George Burkhart,* for appellees.

CURTIS, J.—The appellant brought suit against the appellees in the trial court to recover damages for an alleged injury which she claims she sustained by reason of an assault and battery committed upon her by the appellee, Amanda Pate. A judgment was rendered by default against the appellees. Later the appellees filed a complaint against the appellant to set aside said default and judgment and upon a hearing by the court the default and judgment were set aside. The complaint upon the merits was answered in general denial and the cause was submitted to a jury for trial. At the close of the appellant's evidence, the court sustained the motion of the appellee, Benjamin Pate, for a directed verdict in his favor. No error is predicated upon that action of the court. The jury in due time returned a general

verdict for the appellee, Amanda Pate, also. The court rendered judgment in accordance with the verdict. The appellant seasonably filed a motion for a new trial which was overruled and this appeal was then prayed and perfected. The causes or grounds in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The errors assigned in this court are the action of the court in setting aside the default and judgment and in the ruling on the motion for a new trial.

The facts in the case are simple. The appellant and the appellees were neighbors. The appellant and the appellee, Amanda Pate, quarreled with each other, among other things, over the appellant's chickens. On the day of the alleged assault and battery some of the appellant's chickens had gotten into the back yard of the place where the appellees lived and the appellant started with a broom in her hand to enter the premises of the appellees. She entered the premises although forbidden so to do by the appellee, Amanda Pate, whereupon there was evidence that the appellant struck the appellee, Amanda Pate, with her broom and that thereafter the said appellee spanked the appellant with a broom. The complaint for damages for alleged injury by reason of assault and battery followed. There was an abundance of evidence before the jury from which it could properly conclude that the appellant was the aggressor and that she suffered no injuries for which she should be compensated in damages. It is true that there was some conflict in the evidence but this court will not weigh conflicting evidence and substitute its judgment for the judgment of the jury under such circumstances. This proposition is so familiar as not to require the citation of any authority.

It is also urged by the appellant that the trial court

abused its discretion in setting aside the default and judgment. The evidence heard by the trial court on that issue justified the trial court in our opinion in setting aside the default and judgment and we have found no abuse whatever of the trial court's discretion.

The complaint to set aside the default and judgment was under the provisions of Section 2-1068 Burns 1933, Section 173 Baldwin's 1934. The applicable part of that statute is as follows:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect on complaint filed, and notice issued, as in an original action, within two years from and after the date of the judgment."

Finding no reversible error, the judgment is affirmed.